UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW A. CROSS,  : CIVIL ACTION NO. 3:CV-07-0415
: 
        Plaintiff  : (Judge Nealon)
: 
    v.  : **FILED**
: **SCRANTON**
KEVIN LOSINGER, Warden  : MAR 2 8 2007
: 
        Defendants  : PER _____
**ORDER** DEPUTY CLERK

## BACKGROUND

Matthew A. Cross, an inmate presently confined in the Bradford County

Correctional Facility, Troy, Pennsylvania, filed the captioned civil rights complaint

pursuant to 42 U.S.C. § 1983. Cross complains that over 450 pages of legal

documents, including confidential psychiatric and medical records, were lost at the

Bradford County Correctional Facility.  Along with his complaint, Cross submitted

an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat.

1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a

prisoner under 28 U.S.C. § 1915 if the complaint is frivolous..[1]  Moreover, 28

U.S.C. § 1915A requires a district court to screen any complaint brought by a

prisoner who seeks relief from a government employee for purposes of determining

whether, inter alia, the complaint fails to present a viable cause of action.  This

initial screening is to de done as soon as practicable and need not await service of

process.  28 U.S.C. § 1915A(a).

The Plaintiff names Warden Kevin Losinger as the sole Defendant.  Plaintiff

states that on February 18, 2007, he asked a correctional officer at the Bradford

County Correctional Facility to retrieve his legal documents which were supposed

to be "secured in a 'secure area' of the jail with officers only having access." (Doc.

---

[1]   Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if
> the court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

1, complaint).  The correctional officer notified Plaintiff that his paperwork was "not in [his] 'personal property bag.'" Id.  On March 5, 2007, Plaintiff filed the instant action against Warden Losinger, claiming that "the Warden of the facility, as being the person in charge is responsible for making sure that inmates property is safe and secure in a 'secure area of jail'." Id.  For relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## Discussion

It has been repeatedly recognized that a § 1983 action cannot be brought to vindicate a prisoner's right to property when the deprivation occurs as a result of a tortious act of a state employee and where an adequate remedy exists to compensate those who have suffered tortious loss at the hands of the state.  Parratt v. Taylor, 451 U.S. 527, 541-42 (1981).  The United States Supreme Court in a later decision, Hudson v. Palmer, 468 U.S. 517, 533 (1984), extended Parratt to intentional deprivations of property, similarly holding that where a prisoner has an adequate post-deprivation remedy under state law for any loss suffered to his property, an action under § 1983 is not available. Thus, since Cross has a state remedy for his property claim by way of a lawsuit in state court, a § 1983 action on this basis is inappropriate.

3

Moreover, to the extent that Plaintiff names Warden Losinger as the sole Defendant, claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on a review of Plaintiff's complaint, it is apparent that he is relying solely upon a theory of respondeat superior as to Warden Losinger. Plaintiff fails to assert that he had any personal involvement in actions which resulted in a violation of his constitutional rights. In fact Plaintiff states that Defendant Losinger is "responsible for making sure that inmates' property is safe and secure." (Doc. 1). Accordingly, this Defendant is entitled to dismissal.

Finally, with respect to any attempted claim that the loss of Plaintiff's legal

4

papers resulted in a denial of access to the courts, to establish a denial of access to

the courts, plaintiff must show an actual injury.  Lewis v. Casey, 518 U.S. 343,

349-55 (1996).  The plaintiff must allege specific instances of prejudice to his legal

rights, such as the dismissal of an action for failure to satisfy some technical

requirement about which the prisoner could not have known because of

deficiencies in the prison's legal assistance facilities, or the inability to present to

the courts an arguably actionable harm because of inadequacies in the prison law

library.  Id. at 351.  As explained in Oliver v. Fauver, 118 F.3d 175, 177-78 (3d

Cir. 1997):

> [A]fter Casey, even claims involving so-called central aspects of the
> right to court access require a showing of actual injury.  That is, the
> inmate must "demonstrate that the alleged shortcomings hindered his
> efforts to pursue a legal claim."

In the instant case, Cross has failed to allege any specific instance in which

he sustained some actual injury as a result of the loss of his legal papers. He has not

alleged that he has missed some deadline, was precluded from making some

arguably meritorious argument or motion, or was otherwise injured because of the

purported denial of legal materials.  In fact, Cross' ability to present this current

action indicates that his access to the courts has not been impeded.  Thus, Cross'

complaint fails to survive the initial screening of prisoner complaints mandated by

28 U.S.C. § 1915A. There is no viable claim stated in the complaint, and there is

therefore no need to require service of process.

**ACCORDINGLY, THIS 28th DAY OF MARCH, 2007, IT IS HEREBY**

**ORDERED THAT:**

1.  The complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Clerk of Court is directed to **CLOSE** this case.

3.  Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

s/ William J. Nealon
**United States District Judge**